IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CIVIL ACTION NO. 25-CV-2802 |
| NATHANIEL CLARKE | : | |

**MEMORANDUM**

**SCOTT, J.**                                                                                                                          **JUNE 10, 2024**

Plaintiff Nathaniel Clarke initiated this *pro se* civil action alleging his rights were violated during a series of interactions with police in Philadelphia, Pennsylvania. Clarke seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Clarke *in forma pauperis* status and dismiss the Complaint. Clarke will be given an opportunity to file an amended complaint if he can correct the deficiencies noted by the Court.

**I.     FACTUAL ALLEGATIONS**[1]

The document that was entered on the docket as Clarke's Complaint consists of a cover letter, two pages of checklists, a one-page Statement of Facts, and two pages listing twenty Claims for Relief. (*See* Compl. at 1-6.) The Statement of Facts describes a series of interactions between Clarke and unnamed police officers, some of which also involved Clarke's partner, "Samer A." (*See id.* at 4, ¶¶ 7-10.) He also describes an incident at an Airbnb involving Clarke, Samer A., and a cleaning woman, as well as Samer A.'s subsequent disappearance. (*Id.* at 4, ¶¶ 11-13.) The claims listed in the Complaint include numerous alleged constitutional violations, as well as state law claims. (*See id.* at 5-6.)

---

[1] The allegations set forth in the Memorandum are taken from Clarke's Complaint (ECF No. 1). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

## II.  STANDARD OF REVIEW

The Court grants Clarke leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Clarke is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the

applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a plaintiff's complaint to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction, and a demand for the relief sought. Fed. R. Civ. P. 8(a). "This standard operates in tandem with that of Rule 10," which requires that a complaint contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

### III.   DISCUSSION

Clarke seeks to assert, *inter alia*, constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Having reviewed Clarke's submission in its entirety and construing the allegations in the Complaint liberally, the circumstances of the alleged claims are unclear. Federal Rule of Civil Procedure 8 requires a complaint to describe actions taken by a defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. In determining whether a pleading meets Rule 8's "plain" statement requirement, a court must "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Id.* (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Clarke's Complaint does not include a caption naming any Defendants, or a list of the individuals or entities he seeks to hold liable for his claims. It also does not describe the actions taken by any particular defendant in regard to Clarke's claims. Even liberally construed, the Complaint does not meet Rule 8's "plain" statement requirement and a defendant could not reasonably be expected to respond to it. The Complaint also does not include a request for relief as required by Rule 8. Accordingly, Clarke's Complaint will be dismissed. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8

because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

There are other problems with Clarke's Complaint. As the Court noted above, in a § 1983 action the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Thus, a proper complaint must explain what each defendant did or did not do with respect to the alleged constitutional harms.

Further, while the Complaint includes a lengthy list of Claims for Relief, Clarke does not sufficiently allege facts in support of those legal conclusions. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up); *see also Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (the Court is not required "to accept as true unsupported conclusions and unwarranted inferences.").

Moreover, at least some of the events described in the Complaint appear to be unrelated. Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *Pew v. Little*, No. 22-1488, 2024 WL 967823, at *2 (E.D. Pa. Mar. 6, 2024 (citing *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted)). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Gorrio v. Terra*, No. 23-4366, 2023 WL 8373167, at *6 (E.D. Pa. Dec. 4, 2023) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). If Clarke chooses to file an amended complaint, he should not attempt to join unrelated claims and defendants into one lawsuit.[2]

---

[2] To remedy a misjoinder, a Court may add or drop a party or sever any claims. Fed. R. Civ. P. 21 (permitting a court to *sua sponte* "drop" a defendant that has been misjoined in a suit or sever any claim against a party). Rule 21 "give[s] district courts broad discretion in deciding whether to sever a case by way of severing parties or claims." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013).

Additionally, certain of Clarke's allegations pertain to purported violations of Samer A.'s rights. It bears noting that Clarke may not bring claims on behalf of Samer A. because a non-

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Clarke leave to proceed *in forma pauperis* and dismiss his claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Clarke will be given leave to file an amended complaint that conforms to the requirements of the Federal Rules of Civil Procedure.[3] His motion to seal this case (ECF No. 2) will be denied.[4]

---

attorney may not bring claims on behalf of another individual in federal court. *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

[3] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Clarke failed to sign the Complaint as required by Rule 11. In future filings with the Court, Clarke must comply with Rule 11.

[4] The "'strong presumption' of openness does not permit the routine closing of judicial records to the public" and the "party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury' to the party seeking closure." *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also Patel v. Educ. Comm'n for Foreign Med. Graduates*, No. 22-1651, 2023 WL 3336646, at *2 (3d Cir. May 10, 2023) (*per curiam*) (to prevail on a motion to seal, plaintiff "had to show that 'the interest in secrecy outweigh[ed] the presumption" under common law that "the public has a right of access to judicial [records]'" (quoting *In re Avandia Mktg. Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019))). "A party who seeks to seal an entire record faces an even heavier burden." *Miller*, 16 F.3d at 551.

Clarke asserts that his case involves sensitive personal circumstances from which he has suffered reputational and professional harm. (ECF No. 2 at 1.) These vague and unsupported allegations are insufficient to justify sealing this case in whole or in part. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d at 673 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." (internal quotations omitted)). In any event, the Court has reviewed all documents filed in this case and has not found sensitive information that is of the type courts normally protect. For these reasons, the Court concludes that Clarke has not met his burden and will deny his motion.

7

An appropriate order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

_/S/Kai N. Scott_
**KAI N. SCOTT, J.**
